IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06 CR 881** |
| v. | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **Tyree Terrell,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion for a reduced sentence under § 404 of the First Step Act is [138] is granted. Defendant's custodial sentence is reduced from 360 months to 262 months. All other terms and conditions of the previous judgment imposed on January 29, 2009 (Dkt. # 104) remain in effect. Amended judgment order to follow.

## STATEMENT

"In 2018, Congress passed the First Step Act to address the disparities between sentences for crack and powder cocaine. Among other things, the First Step Act allows certain criminal defendants to seek, and district courts to impose, sentence reductions if the defendant was previously convicted of a 'covered offense.'" *United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020). Defendant moves for a reduced sentence, which both parties agree he is eligible to receive.

In November 2006, Defendant was charged with one count of distributing in excess of 50 grams of crack cocaine. Defendant was convicted following a jury trial in March 2008. At the time of his sentencing in January 2009, Defendant faced a mandatory minimum sentence of 20 years' imprisonment under 21 U.S.C. § 841(b)(1). The Sentencing Guidelines' calculation resulted in a base offense level of 30 because the amount of crack cocaine was above 50 grams but less than 150 grams. With a career-offender enhancement, his total offense level was 37 and he had 14 criminal-history points for a Guidelines range of 360 months to life imprisonment. The Court sentenced him at the low end of the range to 360 months' incarceration. The current advisory Guidelines range is 262 to 327 months.

In addressing a request for a reduced sentence, "nothing in the First Step Act precludes a court from looking at § 3553(a) factors anew," in part because "today's Guidelines may reflect updated views about the seriousness of a defendant's offense or criminal history." *Shaw*, 957 F.3d at 742. Defendant asks that the Court reduce his sentence to the time he has served, which is almost thirteen years of a thirty-year sentence, based on his offense conduct and his post-sentencing conduct.

He first contends that he should receive a reduced sentence based on the policy changes regarding crack cocaine offenses as reflected in the Fair Sentencing Act, made applicable to him by the First Step Act. He notes that the twenty-year minimum he was subject to at the time of his sentencing is now a ten-year minimum, and that his Guidelines range today, without the career-offender enhancement, would be 100-125 months for an offense level of 24 and a criminal history category of VI. According to Defendant, the career-offender enhancement, while still applicable under the current sentencing regime, "results in a recommended guideline range that greatly overstates Defendant's criminal history and his offense conduct." (Def.'s Supp. Br., Dkt. # 138, at 8.)

This is so, he argues, because his convictions for attempted armed robbery, armed robbery, and possession of crack cocaine with intent to deliver are "decades old" and he is no longer the person he was. Specifically, Defendant contends that he has made "substantial progress to become a better, more capable, more mature and faithful person," by participating in parenting classes, employment and food-handling courses, and drug counseling. He has also made significant progress towards obtaining his GED and remains committed to completing the courses as soon as he is able. Further, he expresses regret for his past conduct and wants to be a source of comfort and support to his children, who he states have suffered by his absence. Finally, with respect to protecting the community, he asserts that he has developed and matured and would like to become a lawful, productive member of society, and notes that recidivism rates for inmates over fifty, especially those convicted of drug trafficking, are lower than that of younger inmates. Defendant concludes by arguing that reducing his sentence will result in cost savings to the public and stating that he will be unable to locate employment if he is not released from prison until he is in his mid-to late 60s.

The Court concludes that a sentence of 262 months is sufficient but not greater than necessary to reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of Defendant; and provide Defendant with the needed educational or vocational training, medical care, and other correctional and rehabilitative treatment in the most effective manner. 18 U.S.C. § 3553(a). As an initial matter, the First Step Act does not alter the fact that Defendant is a career offender. His instant crime and his previous convictions for armed robbery and possession of crack cocaine with the intent to deliver, which support the career enhancement, are serious offenses. Moreover, as the Seventh Circuit noted in its opinion on Defendant's direct appeal, his "lengthy criminal history of 11 convictions and 32 additional arrests" led this Court to state at Defendant's original sentencing that it was "one of the most extensive the Court had seen." Indeed, although Defendant asserts that he has matured and would like to become a productive member of society, he has been disciplined numerous times while incarcerated, including for being insolent to a female staff member; threatening chapel staff; abusing phone privileges/disrupting the monitor on several occasions; possessing drugs or alcohol; and, as recently as last year, possessing a dangerous weapon. While the Court acknowledges Defendant's efforts towards rehabilitation and education and encourages Defendant's continued pursuit of these goals, Defendant's history both in and out of custody indicate that ongoing incarceration is necessary to protect the public, promote respect for the law, deter future wrongdoing, and provide additional correctional treatment and education.

Finally, the government contends that a sentence within the Guidelines range is required in order to avoid a sentencing disparity with similarly-situated offenders who were convicted prior to the enactment of the Fair Sentencing Act and subsequently received relief under § 3582(c)(2), which allowed sentences only within the Guidelines unless substantial assistance had been provided. *See* U.S.S.G. § 1B1.10(b)(2)(A) (providing that, except in cases involving substantial assistance, courts "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range"). The Court need not address this contention as it finds that a sentence within the Guidelines is appropriate for the reasons stated above.

**Date**: July 6, 2020

_____
**Ronald A. Guzmàn**
**United States District Judge**